IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**FREDDIE BURCH,**

    Petitioner,

vs.                                            Case No. 4:14cv69-RH/CAS

**DEPARTMENT OF CORRECTIONS,
STATE OF FLORIDA,**

    Respondent.

_____/

**REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION**

On February 6, 2014, Petitioner Freddie Burch, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a supporting memorandum. Docs. 1 and 3. Petitioner has also filed a motion to proceed in forma pauperis, Doc. 2, which the Court will grant by separate order.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254

Cases. The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Background and Procedural History

Petitioner indicates he was convicted and sentenced by the Second Judicial Circuit Court, Leon County, in 1990, following a jury trial. Doc. 1 at 1-2. Petitioner appealed his conviction and sentence to the First District Court of Appeal (DCA) and that court per curiam affirmed his case without a written opinion. *Id.* at 2; *see* Burch v. State, 592 So. 2d 1091 (Fla. 1st DCA 1992) (table). Petitioner indicates he did not seek rehearing, appeal, or file a petition for writ of certiorari. Doc. 1 at 2.

Petitioner further indicates he filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, in the Second Judicial Circuit, Leon County, on October 7, 1993. *Id.* at 3. Petitioner indicates he does not know the result of the case, other than a summary denial, and references an appellate court case number 1D94-3249. *Id.* Petitioner answers "none that I can recall" to the question asking if he filed any second petition, application, or motion. *Id.* To the question asking if Petitioner has "previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition," Petitioner checked the box marked "no" and wrote "not regarding this claim raised under ground one." *Id.* at 12.

Petitioner raises one ground in the instant petition, alleging an unlawful and/or unconstitutional deprivation of liberty because he has an 80-year sentence, as an

habitual felony offender, "which was imposed in violation of [his] constitutional due process rights under the 5th & 15th Amendment of the U.S. Constitution, in which appellate counsel erred in not arguing." Doc. 1 at 5. Petitioner indicates this claim "was not exhausted for federal habeas corpus review due to the detrimental error made by appellate counsel in not arguing the issue/claim as a constitutional violation on direct appeal." *Id.*

## Previous § 2254 Petitions Filed in this Court

A search of this Court's docket reveals that Petitioner has previously filed two § 2254 petitions in this Court. *See* Burch v. Dep't of Corr., 4:12cv516-MW/CAS, and Burch v. Crews, 4:13cv547-WS/CAS. The first of these was dismissed as untimely. *See* Docs. 16 (Report and Recommendation) and 17 (Order) in Burch v. Dep't of Corr., 4:12cv516-MW/CAS. The second was dismissed for failure to comply with an order of the Court and for failure to prosecute. *See* Docs. 5 (Report and Recommendation) and 6 (Order of Dismissal) in Burch v. Crews, 4:13cv547-WS/CAS.

The Report and Recommendation in the first case indicates that Petitioner appealed the denial of his Rule 3.850 motion to the First DCA and, on July 12, 1994, that court reversed and remanded for the trial court to provide attachments from the record. Doc. 16 at 2 in Burch v. Dep't of Corr., 4:12cv516-MW/CAS. The Report and Recommendation explains that a search on the First DCA website revealed two appeals from the denial of a Rule 3.850 motion that appeared to fit Petitioner's information, one with case number 1D94-789 and the other with case number 1D94-3249. *Id.*; *see* website for First DCA at www.1dca.org. The first case was reversed and remanded on

July 12, 1994, for further consideration concerning Petitioner's argument that the trial court erred in the computation of his sentencing guidelines scoresheet and in using multiple scoresheets.  *See* Burch v. State, 640 So. 2d 95 (Fla. 1st DCA 1994).  In particular, the court reversed and remanded for an evidentiary hearing or for record attachments conclusively showing Petitioner was not entitled to relief.  *Id.* at 96.  In the Report and Recommendation, the Court noted that Petitioner does not indicate exactly what happened on remand, stating only "I didn't do the original 3.850 and know nothing about law.  But I do know now that the attachments the lower court made didn't refute the scoresheet and other errors."  Doc. 16 at 3 in Burch v. Dep't of Corr., 4:12cv516-MW/CAS.

The Report and Recommendation further indicates that the second appeal involving a Rule 3.850 motion, case number 1D94-3249, was filed October 6, 1994.  *See id.*; online docket for 1D94-3249 at www.1dca.org. The First DCA issued a per curiam affirmance without opinion on May 24, 1995, and the mandate issued June 9, 1995.  Burch v. State, 654 So. 2d 1166 (Fla. 1st DCA 1995) (table).

Because it appeared that § 2254 petition was untimely, this Court directed Petitioner to show cause why his petition should not be summarily dismissed.  *See* Doc. 14 in Burch v. Dep't of Corr., 4:12cv516-MW/CAS.  Petitioner filed a response and "confesse[d] to error on his part, in answering the questions concerning any and all motions filed . . . in state court."  Doc. 15 at 1 in Burch v. Dep't of Corr., 4:12cv516-MW/CAS.  Petitioner indicated that he failed to mention that, in addition to filing a Rule 3.850 motion in 1993, he also filed a Rule 3.800(a) Motion to Correct Illegal Sentence in

2009 or 2010. *Id.* Petitioner indicated the Rule 3.800(a) motion concerned case number 1987-CF-56252 and the denial was appealed and assigned case number 1D11-2660 in the First DCA. *Id.* Petitioner stated this "is the sole reason for filing the instant petition." *Id.* Petitioner explained that a Rule 3.800 motion can be filed at any time. *Id.* Petitioner also indicated it was his first § 2254 petition and asked this Court to accept it as timely. *Id.* at 2.

Thereafter, this Court entered the Report and Recommendation referenced above and explained that there is a one-year limitations period for filing a § 2254 petition, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). Because it appears that Petitioner's conviction was final before April 24, 1996, the effective date of AEDPA, the one-year grace period for filing a § 2254 petition began to run on that date. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998); *see* Johnson v. United States, 544 U.S. 295, 299 (2005) (acknowledging federal courts of appeal have uniformly given "prisoners whose convictions became final before AEDPA a 1-year grace period running from the new statute's effective date"). The Court found that, from the information provided, Petitioner did not file anything after April 24, 1996, until he filed the Rule 3.800(a) motion in state court in 2009 or 2010. Doc. 16 at 5 in Burch v. Dep't of Corr., 4:12cv516-MW/CAS. By this point, however, more than ten (10) years had passed since the one-year limitations period for filing a § 2254 petition under AEDPA had expired. *Id.* Petitioner had not alleged entitlement to equitable tolling or demonstrated entitlement to any other exception to the time bar. *Id.* Accordingly, this Court recommended dismissing the

§ 2254 petition as untimely. *Id.* The district judge accepted and adopted the Report and Recommendation and dismissed the petition as untimely. Doc. 17 in <u>Burch v. Dep't of Corr.</u>, 4:12cv516-MW/CAS.

Petitioner subsequently sought to file another § 2254 petition in this Court by filing a "Motion for Leave/Permission to File an Untimely 28 U.S.C. § 2254 Petition, Based on the Manifest Injustice Exception." Doc. 1 in <u>Burch v. Crews</u>, 4:13cv547-WS/CAS. In that case, however, Petitioner never filed a petition on the required form, as directed by this Court; therefore, the Court recommended the case be dismissed for failure to comply with a court order. Docs. 3 (Order) and 5 (Report and Recommendation) in <u>Burch v. Crews</u>, 4:13cv547-WS/CAS. The district judge adopted the Report and Recommendation and dismissed the petition by order dated January 3, 2014. Doc. 6 in <u>Burch v. Crews</u>, 4:13cv547-WS/CAS.

As indicated above, Petitioner filed the instant petition on February 6, 2014. Doc. 1. As explained below, this petition is successive and untimely; therefore, it should be dismissed.

**Analysis**

Petitioner has not shown a jurisdictional basis for this habeas action. Petitioner challenges his confinement pursuant to the same state court judgment that he challenged in his prior § 2254 petition. Thus, in addition to being untimely, the instant petition is "second or successive," for purposes of section 2244(b)(3)(A). This Court does not have jurisdiction to consider a successive § 2254 petition unless the Court of Appeals has authorized its filing. *See* 28 U.S.C. § 2244(b)(3); <u>Burton v. Stewart</u>, 549

Case No. 4:14cv69-RH/CAS

U.S. 147 (2007) (holding that federal district court lacked jurisdiction to entertain § 2254 petition because state inmate did not obtain order from Court of Appeals authorizing him to file second petition); Morris v. State of Fla., Dep't of Corr., 519 F. App'x 990, 991 and n.3 (11th Cir. 2013) (directing district court to dismiss habeas petition for lack of subject matter jurisdiction and explaining "[f]or a second § 2254 petition to be considered successive, the first § 2254 petition must have been denied or dismissed with prejudice" and "[a] denial of a § 2254 petition as untimely is considered to be with prejudice"). Therefore, this § 2254 petition, challenging the same 1990 judgment of the Second Judicial Circuit in Leon County, is successive and should be dismissed.

## Conclusion

For the reasons stated above, this § 2254 petition is an untimely and unauthorized second or successive petition. Therefore, this Court does not have jurisdiction to consider it and it should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)

(explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 14, 2014.

s/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**