# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

FREDDIE BURCH,

      Petitioner,

v.                             CASE NO.  4:14cv69-RH/CAS

DEPARTMENT OF CORRECTION,
STATE OF FLORIDA,

      Respondent.

_____/

## ORDER DENYING THE PETITION AND DENYING A CERTIFICATE OF APPEALABILITY

By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Freddie Burch seeks relief from a state-court conviction and sentence.  The petition is before the court on the magistrate judge's report and recommendation, ECF No. 7, and the objections, ECF No. 10.  I have reviewed de novo the issues raised by the objections.

The report and recommendation concludes that the petition must be dismissed as second or successive.  That is correct.  In the objections, Mr. Burch says he is raising different issues in the current petition than were raised

previously.  But that does not matter.  Under the Antiterrorism and Effective Death

Penalty Act, a person in custody under the judgment of a state court can file one

federal habeas petition without permission but can file a second or successive

petition only if the appropriate Court of Appeals authorizes the filing.  Here the

appropriate Court of Appeals—the Eleventh Circuit—has not authorized Mr.

Burch to file a second or successive petition.  The petition must be dismissed for

lack of jurisdiction.

As the report and recommendation also correctly concludes, the petition is

plainly barred by the one-year statute of limitations.   Dismissal thus would be

required even if the petition were not second or successive.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to

"issue or deny a certificate of appealability when it enters a final order adverse to

the applicant."  Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a

constitutional right."  *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003);

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880,

893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting

out the standards applicable to a § 2254 petition on the merits).  As the Court said

in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a
> substantial showing of the denial of a constitutional right, a

demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4).  Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.

Mr. Burch has not made the required showing.  This order thus denies a certificate of appealability.  Because Mr. Burch has not obtained—and is not entitled to—a certificate of appealability, any appeal will not be taken in good faith.  I certify under Federal Rule of Appellate Procedure 24(a) that an appeal will not be taken in good faith and that Mr. Burch is not otherwise entitled to proceed on appeal *in forma pauperis*.  But for the requirement to obtain a certificate of appealability, leave to proceed on appeal *in forma pauperis* would be granted.

For these reasons,

IT IS ORDERED:

    1.  The report and recommendation is ACCEPTED.

2.   The clerk must enter judgment stating, "The petition is DENIED with

prejudice."

3.   A certificate of appealability is DENIED.

4.   Leave to proceed on appeal in forma pauperis is DENIED.

5.   The clerk must close the file.

SO ORDERED on May 29, 2014.

s/Robert L. Hinkle_____
United States District Judge